IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
IN ADMIRALTY
NO. 5:14-CV-82-BO

| | |
|---|---|
| CROWN PACIFIC INTERNATIONAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| HORIZON LINES, LLC, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on defendant Horizon Lines, LLC's ("Horizon") motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6). [DE 5]. Plaintiff has not responded to the motion, but the deadline for doing so has passed making motion ripe for adjudication. For the reasons stated herein, defendant's motion to dismiss is GRANTED without prejudice.

## BACKGROUND

On January 13, 2014, plaintiff filed a one page complaint against defendant in Wake County District Court. Plaintiff alleges that defendant negligently placed goods on an incorrect vessel which resulted in a delay and costs to the plaintiff. Defendant removed the case to this Court on February 12, 2014 alleging that the complaint implicates a contract for the carriage of foods in maritime commerce and therefore a federal question. On February 19, defendant filed the instant motion to dismiss alleging that plaintiff has failed to state a claim upon which relief may be granted.

## DISCUSSION

Although FED. R. CIV. P. 41 "authorizes the Court to dismiss an action for failure of the plaintiff to respond to a motion to dismiss, most courts do not apply such an unforgiving and relentless sanction simply because a motion to dismiss goes unopposed." *McRae v. Robeson Cnty. Bd. of Elections*, 2010 U.S. Dist. LEXIS 20680, *12 (E.D.N.C. Jan. 27, 2010) (unpublished) (quotation omitted). The Court declines to do so here.

A Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When ruling on the motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Although complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Similarly, a court need not accept as true a plaintiff's "unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts. v. J.D. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000). A trial court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

The issue before the Court is whether an alleged delay, without more, of a shipment of goods via an ocean-going ship, between two states, amounts to an actionable breach of contract of carriage goods. It does not.

The only factual allegations against defendant that can be taken from plaintiff's

complaint, ignoring the naked assertion of negligence, that could possibly support its claim for breach of a shipping contract concern a "delayed departure of the shipment." However, delay alone cannot amount to a breach of a shipping contract absent a specific agreement for delivery at a certain time. *Anyangwe v. Nedlloyd Lines*, 909 F. Supp. 315, 321 (D. Md. 1995). Numerous other courts have arrived at the same result. *See e.g. Parnass Int'l Trade & Oil Corp. V. Sea-Land Serv., Inc.*, 595 F. Supp. 153, 155 (S.D.N.Y. 1984); *Quesoro USA, Inc. v. Lykes Bros. S.S. Co., Inc.*, 1995 WL 329301 (S.D.N.Y. May 31, 1995); *Pioko Fashions, Inc. v. Am. President Lines, Ltd.*, 1993 WL 597151, *2 (W.D. Wash. Jul. 1, 1993). Accordingly, the Court grants defendant's motion to dismiss.

The Court has the discretion to grant a motion to dismiss under FED. R. CIV. P. 12(b)(6) with or without prejudice. Because the complaint is potentially curable in this instance, the Court grants the motion to dismiss without prejudice.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [DE 8] is GRANTED. Plaintiff's claims are DISMISSED in their entirety without prejudice. The clerk is directed to close the file.

SO ORDERED.

This the ₫⊬ day of March, 2014.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE